UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EUGENE N. GORDON, INC.,          2:06-cv-2353-MCE-DAD
a California Corporation,
JIM REEGO, and LIZ REEGO,
as individuals,

      Plaintiffs,

  v.                      MEMORANDUM AND ORDER

LA-Z-BOY, INC., a Michigan
Corporation, and Does 1-150,

      Defendants.

----oo0oo----

Through the present action, Plaintiffs Eugene N. Gordon, Inc., Jim Reego, and Liz Reego allege Defendant La-Z-Boy, Inc. ("Defendant") breached written contracts between them; breached the implied covenant of good faith and fair dealing; and committed intentional and negligent misrepresentation.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

1  More specifically, Plaintiffs allege that Defendant
2 permitted another retailer to use, *inter alia*, color schemes,
3 marketing materials, display environments, and product lines
4 ("Gallery Motif") in violation of the Parties' retailer
5 agreements ("Retailer Agreements").  In addition, Plaintiffs aver
6 that Defendant orally misrepresented that it would protect
7 Plaintiffs' right to exclusive use of the Gallery Motif in a
8 predetermined territory.
9  Now before this Court is Defendant's Motion to Dismiss
10 Plaintiffs' Complaint for failure to state a claim upon which
11 relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the
12 reasons set forth below, Defendant's Motion to Dismiss is granted
13 in part and denied in part.

**BACKGROUND**

17  Plaintiff Eugene N. Gordon, Inc. ("Gordon, Inc.") is a
18 retail operator of several "La-Z-Boy Galleries" in the greater
19 Sacramento area.  Plaintiffs Jim Reego and Liz Reego
20 (collectively, the "Reegos") own and operate Gordon, Inc.
21 Defendant La-Z-Boy, Inc. is a Michigan Corporation engaged in the
22 business of manufacturing and wholesaling home furnishings.
23  Beginning in 1992, Gordon, Inc. and Defendant entered into a
24 series of Retail Agreements that authorized Gordon, Inc. to
25 retail La-Z-Boy products through outlets generally called
26 "La-Z-Boy Galleries."
27 ///
28 ///

2

Pursuant to those Retail Agreements, Gordon, Inc. proceeded to establish several outlets in the greater Sacramento area over the next ten years. Each additional retail outlet was memorialized by a substantially identical Retail Agreement regarding the operation of those outlets. Gordon, Inc.'s multiple retail locations operated without material incident over the next ten years.

In 2004, Defendant authorized Plaintiffs to open another retail outlet in Rocklin, California. By July 2005, Plaintiffs learned that Defendant intended to permit a competing furniture store, RC Willey, to retail La-Z-Boy products through an outlet also located in Rocklin, California ("RC Willey Gallery"). In addition, Plaintiffs learned that RC Willey intended to advertise and sell its La-Z-Boy line through a "La-Z-Boy in store Gallery." Plaintiffs immediately alerted Defendant that they believed the use of the "in store" Gallery Motif would be a violation of the exclusive territory provisions contained in the Retail Agreements. Defendant responded that it would "ensure a fair playing field." Relying upon that assurance, the Reegos proceeded to expend substantial sums in anticipation of their planned Rocklin retail outlet ("Gordon Gallery").

Between July 2005, and June 2006, the Parties were in frequent communication regarding the anticipated opening of the Gordon Gallery and the RC Willey Gallery. Plaintiffs allege that during those communications, Defendant repeatedly stated that it would "ensure a level playing field." In June of 2006, however, Defendant informed Plaintiffs it would not meaningfully restrict the product lines and marketing materials available to RC Willey.

3

On October 25, 2006, Plaintiffs filed the present action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation and seeking specific performance as well as declaratory relief.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.'" *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).
///

4

**ANALYSIS**

**1.   Choice of Law**

Defendant first argues that Michigan law, rather than California law, applies to Plaintiffs' contractually related claims.  In support of its contention, Defendant points to the following choice of law provision contained within each of the Retail Agreements:  "Applicable Law.  This Agreement, including all matters relating to the validity, construction, and enforcement thereof, shall be governed by the laws of the State of Michigan."  Pl.'s Ex. 1 Part 5, 46 (Art. XI § 11.13). Plaintiffs do not dispute the existence or validity of the foregoing choice of law provisions.

Because this Court sits in the State of California it must analyze this choice of law issue in accord with California's choice of law rules.  *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002).  California courts will enforce a choice of law clause in a contract in favor of another jurisdiction's law if there is: 1) a substantial relationship between the contract and the chosen state or some other reasonable basis for the selection of the foreign states law; and 2) no conflict with fundamental policy of California law.  *Nedlloyd Lines B.V. v. Super. Ct. of San Mateo*, 3 Cal. 4th 459, 464-65 (1992).

In the instant case, Defendant's state of incorporation, principal place of business and headquarters are all in Michigan.
///

In addition, the contract terms themselves provide that Michigan law should govern the Retail Agreements.  These connections plainly provide a reasonable basis for applying Michigan law to the present controversy.  *AFB Capital Corp. V. Grove Props. Co.*, 126 Cal. App. 4th 204, 217 (2005).  Further, neither Party has asserted nor can the Court discern any obvious conflict between Michigan law and fundamental policy of California law.  Given the foregoing, the Court finds it proper to enforce the choice of law provisions contained in the Retail Agreements.  Accordingly, Michigan law shall govern the resolution of the contractual issues herein.

**2.   Breach of Contract**

The gravamen of Plaintiffs' first claim is that Defendant is in breach of the Retail Agreements because it granted a competing company in Plaintiffs' exclusive territory the right to open a La-Z-Boy outlet when it permitted RC Willey to use the La-Z-Boy Gallery Motif.  Pl.'s Ex. 1 Part 5, 28 (Art. II, § 2.3). Defendant rebuts that the Retail Agreements clearly reserve to it the right to wholesale products to other retailers without restriction.  Pl.'s Ex. 1 Part 5, 28 (Art. II, § 2.3). In fact, the Retail Agreements provide as follows:

> "La-Z-Boy shall not, while this Agreement remains in effect, own or operate, or grant the right to any third party to establish, any other Outlet within the Designated Area.  Nothing in this Section 2.3 shall be deemed or construed in any manner, however, as limiting or restricting the right of La-Z-Boy to sell La-Z-Boy Products at wholesale to any furniture retailer doing business within the Designated Area so long as such retailer is not operating an Outlet therein."

*Id.*

Defendant contends there is no breach of the Retail Agreements as a matter of law because the foregoing provision has not been breached as RC Willey is not operating an "Outlet." In reply, Plaintiff points the Court to the definition of the term "Outlet" set forth in the Retail Agreements as follows:

> "'Outlet' shall mean, ... when used with respect to La-Z-Boy and other retailers, the retail outlets established by such persons which are La-Z-Boy Furniture Galleries."

Pl.'s Ex. 1 Part 5, 28 (Art. I, Definitions (I)). The Retail Agreements do not define the term "La-Z-Boy Furniture Galleries." Plaintiffs contend the RC Willey "in store La-Z-Boy Gallery" is, in essence, a La-Z-Boy Furniture Gallery despite the fact that it is within the walls of a larger establishment. Accordingly, Plaintiffs reason, Defendant has breached the Retail Agreements as it permitted RC Willey to operate an "Outlet" in its exclusive territory in violation of Article II, § 2.3.

Under Michigan law the primary goal in the construction or interpretation of a contract is to honor the intent of the parties. *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 n. 28 (1994). When the language of the contract is clear and unambiguous the contract must be enforced as written. *HomeWausau Underwriters Inc. Co. v. Ajax Paving Indus. Inc.*, 256 Mich App. 646, 650 (2003). However, a contract is ambiguous if the language is susceptible to two or more reasonable interpretations. *D'Avanzo v. Wise and Marsac, PC*, 223 Mich. App. 314, 319 (1997).

///

In an instance of contractual ambiguity, factual development is necessary to determine the intent of the parties and summary disposition is inappropriate. *Id.* Further, ambiguous terms are to be strictly construed against the drafter of the written contract.[2] *Sturgis Sav. & Loan Ass'n v. Italian Vill., Inc.*, 81 Mich. App. 577, 580 (1978).

Plaintiffs contend that they understood section 2.3's grant of exclusive territorial rights to include an exclusive right to use the "La-Z-Boy Furniture Galleries Program." Among the exclusive rights Plaintiffs believed they acquired pursuant to section 2.3, is the use of the Gallery Motif. In support of this understanding, Plaintiffs point to section 6.3 of the Retail Agreements, which provides that certain retail materials have been developed for "sole use by the La-Z-Boy Furniture Galleries." Pl.'s Ex. 1 Part 5, 33 (Art. VI § 6.3).

Defendant contends that the only restriction section 2.3 imposes upon its ability to permit use of the Gallery Motif from the La-Z-Boy Galleries Program by other retailers in the territory is that those other retailers may not solely sell La-Z-Boy products.

///

///

---

[2] Plaintiffs' Complaint and Opposition contain parol evidence. However, when the parties include an integration clause in their written contract, it is conclusive and parol evidence is not admissible. *See UAW GM Human Res. Ctr. v. KSL Recreation Corp.*, 228 Mich. App. 486, 502 (1998).

The Retail Agreements at issue contain integration clauses and Plaintiffs have made no attempt to attack them. Pl.'s Ex. 1 Part 5, 46 (Art. XI, § 11.11). Accordingly, pursuant to Michigan law, the Court must confine its inquiry into the ambiguity of the Retail Agreements to the four corners of the documents.

8

1  Defendant relies upon section 7.5 to contend the contract permits
2  Defendant to provide identical marketing materials, product
3  lines, and other components of the La-Z-Boy Galleries Program to
4  other retailers inside Plaintiffs' exclusive territory.  Section
5  7.5 provides that the stand alone nature of the Galleries Program
6  is essential to it and Plaintiffs must adhere thereto.  Pl.'s Ex.
7  1 Part 5, 34 (Art. VII § 7.5).

8      Section 7.5 appears to be a limitation on Plaintiffs and not
9  a description of the rights Plaintiffs acquired through section
10 2.3.  Moreover, as discussed above "Outlet" is defined
11 differently when referring to Plaintiffs as opposed to other
12 retailers in the territory.  Accordingly, section 7.5 does not
13 definitively resolve the question of the extent and nature of the
14 exclusive territorial rights acquired by Plaintiffs under section
15 2.3.

16     Having exhaustively reviewed the Retail Agreements, the
17 Court finds that they are ambiguous as to the extent of the
18 exclusive territorial rights granted to Plaintiffs.  It is not
19 clear from the face of the documents what materials were
20 developed for sole use by Plaintiffs within their exclusive
21 territory and what portions of the La-Z-Boy Galleries Program
22 Defendant was free to give to other retailers in the area.  Thus,
23 factual development is necessary to determine the intent of the
24 Parties and dismissal is inappropriate at this early stage in the
25 litigation.

26      For the reasons stated above, Defendant's Motion to Dismiss
27 Plaintiffs' breach of contract claim for failure to state a claim
28 is denied.

9

**3.  Specific Performance**

Defendant next moves to dismiss Plaintiffs' separate claim for "specific performance" on the ground that specific performance is a remedy for breach of contract and not a stand-alone claim. Defendant is correct that specific performance is a remedy for the breach of contract where there is no adequate remedy at law. *Wilkison v. Wiederkehr*, 101 Cal. App. 4th 822, 833 (2002); *Petersen v. Hartell*, 40 Cal. 3d 102, 110 (1985). Accordingly, Plaintiffs' claim for specific performance is dismissed without leave to amend. However, Plaintiffs may seek the equitable remedy of specific performance for their claims upon a proper showing.

**4.  Declaratory Relief**

Defendant also moves to dismiss Plaintiffs' claim for "declaratory relief." Like Plaintiffs' claim for specific performance, this claim is also properly a prayer for relief and not a stand-alone claim. Plaintiffs cite no authority for the proposition that declaratory relief is a stand-alone cause of action as opposed to relief which the Court may give for breach of contract. Moreover, the declaration Plaintiffs seek is that their interpretation of the contract prevails. Thus, a separate claim for declaratory relief is duplicative of Plaintiffs' breach of contract claim because the Court must interpret the contract and resolve the underlying contractual dispute to determine if declaratory relief is appropriate.

10

Accordingly, Plaintiffs separate claim for declaratory relief is dismissed without leave to amend.  However, Plaintiffs may seek declaratory relief for their claims upon a proper showing.

**5.    The Implied Covenant of Good Faith and Fair Dealing**

Defendant next moves to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing for failure to state a claim.  Defendant contends that Michigan courts do not recognize a claim for breach of the implied covenant of good faith and fair dealing on the facts alleged by Plaintiffs.  Plaintiffs contend that Michigan courts do, in fact, recognize an implied covenant of good faith and fair dealing and seek punitive damages for Defendant's allegedly willful breach of the covenant.

Defendant correctly contends that Michigan law only recognizes a claim for breach of the implied covenant where the contract leaves the manner of one party's performance to that party's own discretion. *McLiechy v. Bristol West Ins. Co.*, 408 F. Supp. 2d 516, 522 (W.D. Mich. 2006); *Ferrell v. Vic Tanny Int'l Inc.*, 137 Mich. App. 238, 243 (1984).

Plaintiffs assert that Michigan law recognizes a claim for breach of the implied covenant where the contract is ambiguous. However, Plaintiffs were unable to locate any Michigan law to support this proposition.  Instead, Plaintiffs rely upon a Fifth Circuit case applying Michigan law which extended the implied covenant to cases of ambiguity.  *Hubbard Chevrolet Co. v. Gen. Motors Corp.*, 873 F.2d 873, 876-77 (5th Cir. 1989).

11

1 However, the Court is not persuaded by *Hubbard Chevrolet* because
2 Michigan courts have consistently and narrowly construed the
3 implied covenant in an effort to preclude plaintiffs from
4 pleading breach of contract in tort which would give rise to
5 punitive damages. *See Kewin v. Massachusetts Mut. Life Ins. Co.*,
6 409 Mich. 401, 423 (1980).  Under Michigan law a breach of
7 contract cannot give rise to punitive damages even where the
8 breach is intentional.  *Ass'n Research & Dev. Corp. v. CNA Fin.*
9 *Corp.*, 123 Mich. App. 162, 172 (1983).  Accordingly, the Court
10 finds that Michigan law only recognizes the implied covenant of
11 good faith and fair dealing where the contract leaves the manner
12 of one party's performance to that party's own discretion.
13      Plaintiffs' claim for breach of the implied covenant rests
14 upon an assertion that Defendant "consciously, deliberately and
15 unfairly" breached the contract by allowing RC Willey to use the
16 Gallery Motif, a right held exclusively by Plaintiffs.  Pl.'s
17 Compl. ¶ 66.  Defendant correctly contends that Plaintiffs'
18 Complaint fails to allege any abuse of discretion by Defendant.
19 As drafted, the Complaint fails to state a claim for breach of
20 the implied covenant of good faith and fair dealing under
21 Michigan law.
22      For the reasons set forth above, Defendant's Motion to
23 Dismiss Plaintiffs' claim for breach of the implied covenant of
24 good faith and fair dealing is granted with leave to amend.
25 Further, Plaintiffs' request for punitive damages is dismissed
26 without leave to amend.
27 ///
28 ///

**6.   Intentional and Negligent Misrepresentation**

Defendant next moves to dismiss Plaintiffs' claims for intentional and negligent misrepresentation for failure to plead with sufficient particularity.  Fed. R. Civ. P. 9(b).  Defendant argues Plaintiffs' Complaint fails to meet the requirements of Rule 9 because it does not set out the time, place, or to whom the statements were made.  Plaintiffs respond that the Complaint sets forth both a date range as well as the parties which is sufficient to meet the pleading standards of Rule 9(b).

Rule 9(b) requires that all averments of fraud be plead with particularity, a standard which requires "a high degree of meticulousness."  *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000).  To meet this standard the allegations must identify the time, place, and content of the alleged misrepresentation.  *Miscellaneous Serv. Workers, Drivers, & Helpers, Teamsters Local #427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981).  Additionally, Plaintiffs must plead facts explaining why the statement was false when it was made.  *Smith v. Allstate Ins. Co*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001).

Defendant correctly points out that the Complaint does not state the specific content, recipient, times, or places of the allegedly fraudulent statements nor does it plead facts explaining why the statements were false at the time they were made.  The Complaint merely notes that the statements allegedly conflict with the current state of affairs.  Pl.'s Compl. ¶¶ 85-88.  There are no facts alleged to support Plaintiffs' conclusion that the statements were false at the time they were made.

13

The Court finds that Plaintiffs' Complaint fails to meet the pleading standard of Rule 9(b) because it does not state with sufficient particularity the elements of a fraud claim. Accordingly, Defendant's Motion to Dismiss is granted with leave to amend.

**7.   Dismissal of Plaintiffs Jim Reego and Liz Reego**

Lastly, Defendant moves to dismiss the Reegos', each in their individual capacity, from this case as the Complaint fails to allege a proper ground for relief as to them.  Plaintiffs respond that the Reegos were personally injured as a result of the misrepresentations and breach of contract.

Defendant correctly points out that although the Reegos did sign the various Retail Agreements at issue, each of these Agreements was entered into by Gordon, Inc., not by the Reegos individually.  Accordingly, they were not parties to the Retail Agreements and are, therefore, not proper Plaintiffs to assert claims for breach of contract or breach of the implied covenant of good faith and fair dealing.  Plaintiffs concede that they are the sole shareholders of Gordon, Inc. and that the Corporation, rather than they themselves, are the real parties in interest as to these claims.

A shareholder cannot bring an individual cause of action unless it appears that the injury resulted from the violation of some special duty owed the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a shareholder.

14

*See Nelson v. Anderson*, 72 Cal. App. 4th 111, 124, 84 Cal. Rptr. 2d 753 (1999)(citations omitted). There is no argument that the Reegos acted on their own behalf when they invested in the property for the Gordon Gallery site. Rather, it is clear their investment was specifically in anticipation of Gordon, Inc. utilizing the property for the purpose of establishing a new retail outlet. To be sure, any injury resulting from the alleged breach of contract or breach of the implied covenant of good faith and fair dealing was an injury incidental to that of the Corporation. Because their injury does not stand independently of the Corporation as to the contractually related claims, the Reegos do not have standing to bring these claims individually. Accordingly, the Court grants Defendant's Motion to Dismiss the Reegos' contractually related claims without leave to amend.

As discussed above, Plaintiffs' claims for specific performance and declaratory relief have been dismissed because they are remedies as opposed to stand-alone claims. Given that these claims have been dismissed without leave to amend, Defendant's Motion to Dismiss the Reegos claims in their individual capacities as to these claims is proper and hereby granted without leave to amend.

The Parties dispute whether the misrepresentation claims are injuries personal to the Reegos or whether those injuries are those of the Corporation. The Court needn't resolve this dispute as the claims for misrepresentation have been dismissed for failure to plead with sufficient particularity. Consequently, the Court grants Defendant's Motion to Dismiss the Reegos in their individual capacities with leave to amend.

15

**CONCLUSION**

For the reasons set forth above, La-Z-Boy Inc.'s Motion to Dismiss Gordon, Inc.'s Complaint is granted in part and denied in part. Defendant's Motion to Dismiss Plaintiffs' claim for breach of contract is denied. Defendant's Motion to Dismiss Plaintiffs' claims for "specific performance" and "declaratory relief" is granted without leave to amend. Defendant's Motion to Dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is granted with leave to amend. Defendant's Motion to Dismiss Plaintiffs' claims for intentional and negligent misrepresentation is granted with leave to amend. Lastly, Defendant's Motion to Dismiss Plaintiffs Jim Reego and Liz Reego from the Complaint is granted without leave to amend as to Plaintiffs' breach of contract claim and breach of the implied covenant of good faith and fair dealing.

Defendant's Motion to Dismiss Plaintiffs Jim Reego and Liz Reego individually is granted with leave to amend as to Plaintiffs' misrepresentation claims. Plaintiffs have twenty (20) days from the issuance of this Order to amend their Complaint.

IT IS SO ORDERED.

Dated: April 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE