UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EUGENE N. GORDON, INC., a
California Corporation, JIM
REEGO, and LIZ REEGO, as
individuals

      2:06-cv-2353-MCE-DAD

     Plaintiffs,

    v.               MEMORANDUM AND ORDER

LA-Z-BOY, INC., a Michigan
Corporation, and DOES 1 to
150, inclusive,

     Defendants.

----oo0oo----

Through the present action, Plaintiff Eugene N. Gordon, Inc. ("Gordon, Inc.") alleges Defendant La-Z-Boy, Inc. ("Defendant") breached written contracts between them; breached the implied covenant of good faith and fair dealing; and committed intentional and negligent misrepresentation. Defendants Jim Reego and Liz Reego ("Reegos") allege Defendant committed intentional and negligent misrepresentation.

///

///

1

More specifically, Gordon, Inc. alleges that Defendant permitted another retailer to use, *inter alia*, color schemes, marketing materials, display environments, and product lines ("Gallery Motif") in violation of the Parties' retail agreements ("Retail Agreements").   In addition, Plaintiffs aver that Defendant orally misrepresented that it would protect Gordon, Inc.'s right to exclusive use of the Gallery Motif in a predetermined territory.

Plaintiffs' complaint was originally filed in Superior Court on October 3, 2006 and was subsequently removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  This Court previously granted in part and denied in part Defendant's Motion to Dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs subsequently filed a First Amended Complaint ("FAC") claiming 1) Breach of Contract, 2) Breach of the Implied Covenant of Good Faith and Fair Dealing, 3) Intentional Misrepresentation, 4) Negligent Misrepresentation, 5) Intentional Misrepresentation (the Reegos against Defendant), 6) Negligent Misrepresentation (the Reegos against Defendant), 7) Price Discrimination, 8) Violation of the California Unfair Business Act, and 9) Unfair Competition.  (All claims are by Gordon, Inc. unless otherwise specified.)  Before this Court is Defendant's Motion to Dismiss claims two through six of the FAC and to dismiss the Reegos as plaintiffs pursuant to Fed. R. Civ. P. 54(b).[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

Plaintiff Gordon, Inc. is a retail operator of several "La-Z-Boy Galleries" in the greater Sacramento area.  Plaintiffs Reegos own and operate Gordon, Inc.  Defendant La-Z-Boy, Inc. is a Michigan Corporation engaged in the business of manufacturing and wholesaling home furnishings.  Beginning in 1992, Gordon, Inc. and Defendant entered into a series of Retail Agreements that authorized Gordon, Inc. to retail La-Z-Boy products through outlets generally called "La-Z-Boy Galleries."  Pursuant to those Retail Agreements, Gordon, Inc. proceeded to establish several outlets in the greater Sacramento area over the next ten years. Each additional retail outlet was memorialized by a substantially identical Retail Agreement regarding the operation of those outlets.  During this time, Gordon, Inc.'s multiple retail locations operated without material incident.

In 2004, Defendant authorized Plaintiffs to open another retail outlet in Rocklin, California, which is near Sacramento. By July 2005, Plaintiffs learned that Defendant intended to permit a competing furniture store, RC Willey, to retail La-Z-Boy products through an outlet also located in Rocklin, California ("RC Willey Gallery"), nearly across the street from Plaintiffs' store.  Plaintiffs immediately alerted Defendant that they believed the use of the "in store" Gallery Motif would be a violation of the exclusive territory provisions contained in the Retail Agreements.  Defendant responded that it would "ensure a fair playing field."
///

3

1   Relying upon that assurance, the Reegos proceeded to expend

2   substantial sums in anticipation of the planned Rocklin retail

3   outlet ("Gordon Gallery").

4       Between 2004 and June 2006, the Parties were in frequent

5   communication regarding the anticipated opening of the Gordon

6   Gallery and the RC Willey Gallery.  Plaintiffs allege that during

7   those communications, Defendant made numerous affirmative

8   statements that the RC Willey Gallery would not be carrying the

9   full line of La-Z-Boy products.  In June 2006, however, Defendant

10  informed Plaintiffs that it would not meaningfully restrict the

11  product lines and marketing materials available to the RC Willey.

12

13                          **STANDARD**

14

15      A court may dismiss a complaint or cause of action for

16  failure to state a claim upon which relief can be granted

17  pursuant to Fed. R. Civ. P. 12(b)(6).  Dismissal is proper under

18  the rule where there is either a "lack of a cognizable legal

19  theory" or "the absence of sufficient facts alleged under a

20  cognizable legal theory."  Balistreri v. Pacifica Police Dept.,

21  901 F.2d 696, 699 (9th Cir. 1990).  On a motion to dismiss for a

22  failure to state a claim, all allegations of material fact must

23  be accepted as true and construed in the light most favorable to

24  the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d

25  336, 337-38 (9th Cir. 1996).  A complaint will not be dismissed

26  for failure to state a claim "'unless it appears beyond doubt

27  that the plaintiff can prove no set of facts in support of [his

28  or] her claim that would entitle [him or] her to relief.'"

                              4

Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997).

**ANALYSIS**

**1.    Breach of Covenant Claim (Gordon, Inc. against Defendant)**

In its previous order, this Court granted Defendant's motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, with leave to amend.  Order at 12.  This Court found that, under the applicable Michigan law as required by the Retail Agreements choice of law provisions, it would not recognize a claim for breach of the implied covenant based on ambiguity, but only "where the contract leaves the manner of one party's performance to that party's own discretion." Id. at 11-12.  Further, the Court found that Plaintiff's original complaint "fails to allege any abuse of discretion by Defendant." Id. at 12.

The FAC specifically alleges that "LZB has through it change in its business model abused its discretion and acted in bad faith with respect to the performance of the Agreements." FAC ¶ 61.  The Retail Agreements contain numerous provisions that expressly grant Defendant discretion as to the particular elements that comprise the Gallery Motif.  Further, the FAC does not pray for punitive damages on this claim in compliance with this Court's previous order dismissing Plaintiff's request without leave to amend.  FAC at 31.

///

1    Because the FAC expressly alleges an abuse of discretion in
2  Defendant's performance of its contractual obligations and does
3  not plead this claim in tort, Defendant's Motion to Dismiss the
4  claim for breach of the implied covenant of good faith and fair
5  dealing is denied.

6

7  **2.    Intentional and Negligent Misrepresentation (Gordon, Inc.**
8        **against Defendant)**

9

10    In its previous order, this Court granted Defendant's motion
11 to dismiss the claims of Gordon, Inc. for intentional and
12 negligent misrepresentation, with leave to amend.  Order at 14.
13 Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud
14 or mistake, the circumstances constituting fraud or mistake shall
15 be stated with particularity." To meet this standard, the
16 allegations must identify the time, place, and content of the
17 alleged misrepresentation. <u>Miscellaneous Serv. Workers, Drivers,</u>
18 <u>& Helpers, Teamsters Local #427 v. Philco-Ford Corp.,</u> 661 F.2d
19 776, 782 (9th Cir. 1981).  A plaintiff must also plead facts
20 explaining why the statement was false when it was made.  <u>Fecht</u>
21 <u>v. Price Co.,</u> 70 F.3d 1078, 1082 (9th Cir. 1995).  This Court
22 found that Plaintiff's original complaint "[did] not state the
23 specific content, recipient, times, or places" of the statements
24 alleged to contain misrepresentations nor did it explain why the
25 statements were false when made.  Order at 13.
26 ///
27 ///
28 ///

The particularity with which the FAC has been plead is
sufficient to meet the requirements of Rule 9(b).  The FAC
specifically details numerous dates on which particular, false
statements allegedly were made by the Defendant, along with the
content of those statements, to whom they were made, and the
place at which they were made.  See, e.g., FAC ¶¶ 26-27.  The FAC
also alleges that the Defendant either "knew or should have
known" that the statements were false at the time of their
issuance.  Id. ¶ 26.

To plead a cause of action for fraud, a plaintiff must
allege that 1) a defendant made a knowingly false representation
2) with an intent to defraud or to induce reliance, and that
3) the plaintiff acted in justifiable reliance and 4) sustained
damages as a result.  Croeni v. Goldstein, 21 Cal. App. 4th 754,
758 (1994).  Gordon, Inc. alleges with sufficient detail all the
elements required to state a claim for fraud.  The FAC details
several statements that Defendant purportedly made with knowledge
of their falsity.  See, eg., FAC ¶¶ 26-27.  Gordon, Inc. also
avers that Defendant made these statements "with the intent to
deceive, defraud, and mislead." Id. ¶ 66.  The FAC further
alleges a plausible basis for the reliance of Gordon, Inc. on
these statements, and that damages resulted from Defendant's
actions.  Id. ¶¶ 68-69.

///

///

///

///

///

1    To plead a cause of action for negligent misrepresentation,
2  a plaintiff must allege that 1) a defendant made a
3  misrepresentation of material fact, 2) without any grounds for
4  believing it to be true, 3) with the intent that plaintiff rely
5  on it, and that 4) the plaintiff did rely on the
6  misrepresentation, unaware of its falsity, and 5) sustained
7  damages as a result.  Friedman v. Merck & Co., 107 Cal. App. 4th
8  454, 476 (2003).  Gordon, Inc. alleges with sufficient detail all
9  the elements required to state a claim for negligent
10 misrepresentation.  The FAC details several statements that
11 Defendant purportedly made that were false.  See, eg., FAC ¶¶ 26-
12 32.  Gordon, Inc. also avers that Defendant made these statements
13 with "no reasonable grounds for believing them to be true." Id.
14 ¶ 74.  The FAC further alleges that Gordon, Inc. reasonably
15 relied on these statements and that damages resulted from
16 Defendant's actions.  Id. ¶¶ 68-69, 74-75.

17    Because the FAC meets the pleading requirements of Rule 9(b)
18 and also alleges the elements necessary to plead a cause of
19 action for fraud and negligent misrepresentation, Defendant's
20 Motion to Dismiss the claims of Gordon, Inc. for intentional and
21 negligent misrepresentation is DENIED.

22

23 **3.    Intentional and Negligent Misrepresentation (Reegos against**
24 **Defendant)**

25

26    In its previous order, this Court granted Defendant's motion
27 to dismiss the Reegos in their individual capacities, with leave
28 to amend.  Order at 15.

1   The Court did not resolve the dispute as to whether the
2   misrepresentation claims of the Reegos were injuries to them
3   personally or to Gordon, Inc.  Id.  The original complaint
4   alleged that "GORDON executed an agreement for the purchase of
5   real property." Compl. ¶ 23.  "GORDON" was defined to include
6   either the corporation, or the Reegos, or both.  Id. ¶¶ 1-3.
7   Thus the original complaint did not specifically allege that
8   misrepresentations were made to the Reegos in their individual
9   capacities.

10      The FAC specifically alleges that certain misrepresentations
11  were made to the Reegos in their individual capacities, as
12  opposed to solely as shareholders, with the aim of inducing the
13  Reegos to act in their individual capacities.  Id. ¶¶ 80-81.  In
14  acquiring the property in Rocklin in their individual capacities,
15  the Reegos did so act.  Whether Defendant did in fact make
16  misrepresentations, and did so to the Reegos in their individual
17  capacities, is a fact issue subject to proof.

18      The Reegos have met the requirements of Fed. R. Civ. P. Rule
19  9(b) regarding pleading with particularity the allegations of
20  intentional and negligent misrepresentation in the same manner
21  that Gordon, Inc. has plead.  The FAC details the time, place,
22  and content of numerous statements made both to Gordon, Inc. via
23  the Reegos and Jim Reego himself.  FAC ¶¶ 22-39.  The FAC further
24  alleges that the Defendant knew or should have known that the
25  statements were false when made.  Id.  Further, the elements of
26  both intentional and negligent misrepresentation have been
27  sufficiently plead.  Id. ¶¶ 22-39, 77-90.
28  ///

9

1    Because the FAC meets the pleading requirements of Rule 9(b)
2    and also alleges the elements necessary to plead a cause of
3    action for fraud and negligent misrepresentation, Defendant's
4    Motion to Dismiss the intentional and negligent misrepresentation
5    claims of the Reegos is DENIED.
6
7    **4.    Final Judgment Pursuant to Rule 54(b).**
8
9    Judgments made pursuant to Fed. R. Civ. P. are to be limited
10   to the "unusual case in which the costs and risk of multiplying
11   the number of proceedings and of overcrowding the appellate
12   docket are outbalanced by pressing needs of the litigants for an
13   early and separate judgment as to come claims or parties."
14   Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir.
15   1981).  "A similarity of legal or factual issues will weigh
16   heavily against entry of judgment under the rule." Id.  In a case
17   with similar issues, a ruling under Rule 54(b) is appropriate
18   "only where necessary to avoid a harsh and unjust result." Id.
19   The legal and factual issues in the case at bar contain
20   substantial similarities between the Plaintiffs Gordon, Inc. and
21   the Reegos.  Further, Defendant has failed to identify any facts
22   pointing to a harsh and unjust result should this Court not grant
23   the relief it seeks.  Accordingly, Defendant's Motion to enter
24   final judgment pursuant to Fed. R. Civ. P. 54(b) as to the Reegos
25   is DENIED.
26   ///
27   ///
28   ///

10

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' claims for relief two through six and Motion to enter final judgment pursuant to Fed. R. Civ. P. 54(b) as to the Reegos is DENIED.

IT IS SO ORDERED.

Dated: September 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE