IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE N. GORDON, INC., et al.,

    Plaintiffs,    No. CIV S-06-2353 MCE DAD

    v.

LA-Z-BOY INCORPORATED, et al.,    ORDER

    Defendants.

_____/

    The parties have proposed a stipulated protective order that includes the following provision for filing material under seal:

**10. FILING PROTECTED MATERIAL UNDER SEAL**

> The Clerk of the Court is directed to maintain under seal all documents, transcripts and other material filed with this Court in this litigation which are, in whole or in part, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing Party to so designate, any Party may do so.

Proposed Stipulated Protective Order filed July 9, 2007, at 10 ¶ 10.

/////

/////

1

All documents filed with the court are presumptively public.[1]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information").  A protective order will not be entered absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents.  Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1  News, 187 F.3d at 1102-03.  "If a court finds particularized harm will result from disclosure of
2  information to the public, then it balances the public and private interests to decide whether a
3  protective order is necessary."  Phillips, 307 F.3d at 1211.
4        Stipulations and motions for entry of a protective order must (1) show a
5  particularized need for protection as to each individual document or piece of information
6  proposed to be covered by the order, (2) show why the need for protection should be addressed
7  by court order, as opposed to a private agreement between or among parties, and (3) describe the
8  types of documents or information eligible for protection under the order, with the description
9  provided in general terms sufficient to reveal the nature of the types of documents or information.
10 See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders
11 "are inherently subject to challenge and modification, as the party resisting disclosure generally
12 has not made a particularized showing of good cause with respect to any individual document").
13 The court will not enter a discovery order or protective order that enables the parties to designate
14 so much material as "confidential" that, in essence, entire case filings are sealed.  Nor will the
15 court approve an order giving blanket authority to the parties to designate what will be filed
16 under seal.
17       Here, the proposed stipulated protective order would give the parties blanket
18 authority to file material under seal.  The request for entry of the proposed order will be denied
19 without prejudice to the submission of a stipulated protective order that cures this defect.  The
20 parties may, of course, agree that any documents to be filed with the court that constitute or
21 contain protected material shall be submitted to the court either in redacted form in conformity
22 with Local Rule 39-140, if appropriate, or with a proposed sealing order in conformity with Local
23 Rule 39-141.[2]

---

[2] Paragraph 5.2(b), as proposed, provides that every deposition transcript must be treated as confidential for ten days after receipt and any party who files the deposition or testimony from the deposition during that ten-day period must file the material under seal.  Proposed Stipulated Protective Order at 5 ¶ 5.2(b).  This provision must also be modified.

3

1   Accordingly, IT IS ORDERED that the parties' July 9, 2007 request for entry of a
2  stipulated protective order (#38) is denied without prejudice.
3  DATED: November 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\gordon2353.mpo

4